UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                            CASE NO. 6:14-cr-265-Orl-37GJK

DAVID JACOB WILLIAM GUITE

### GOVERNMENT'S RESPONSE TO
### DEFENDANT'S SENTENCING MEMORANDUM

David Jacob William Guite, the defendant, has submitted a memorandum

requesting a downward variance from the 80-year statutory maximum sentence

recommended in the Presentence Investigation Report—a maximum that is itself

lower than his actual sentencing guideline range of life imprisonment.    Guite's

actions have irreparably harmed his two children, and society has an interest in

protecting those children, and any other children who might cross Guite's path,

from further harm.    Therefore, the United States of America opposes Guite's

request for a downward variance and recommends that he be sentenced to the

term of imprisonment that the sentencing guidelines call for: 80 years.

### I.        The Offense Conduct Is Reprehensible

Guite molested his two boys, who were aged 5 and 3 at the time he was

arrested.    Guite took pictures of his children naked, of them engaging in sexual

contact with himself, and of himself engaging in sexual contact with them.    He

then willingly shared those pictures with others in exchange for images and videos

of pornography depicting minors under the age of 12 engaging in sexual acts,

including masochistic and sadistic acts.

As detailed in the Complaint, Guite responded to an advertisement from an undercover agent seeking people who had a sexual interest in children and incest. That Guite knew the meaning of the coded language in the advertisement and responded indicates that this was not his first such interaction.    During the subsequent conversation, Guite sent the undercover multiple pictures of his children.    He bragged, "I rub them and they rub me."    When the undercover agent asked Guite whether he "sucked the cock" of the child whose picture Guite had recently sent (Victim 1), Guite responded, "I licked it."    The undercover asked whether Guite had any pictures with their hands on his penis, and Guite "check[ed]," "[f]ound one," and sent it to the undercover.    Again, this was a picture of one of his children.    Guite repeatedly requested pictures of the undercover's purported 8-year-old daughter, begging the undercover, "Can u get one her [sic]. Holding ur cock quick."

Guite's conversation with the undercover agent was not the first time that he produced images of his children.    An examination of his smartphone and computer revealed 48 images of his children.    Guite also had dozens of images of other prepubescent children engaged in sexual acts, including sadism, masochism, and purported acts of incest.    Despite his claims that recent events in his life affected his judgment, the evidence shows that Guite was not a child pornography novice.    He was knowingly and willingly using his own children for his sexual gratification.

## II.    An 80-Year Sentence Is Reasonable

Guite's guideline range is life imprisonment; however, his sentence must be limited to 80 years because of the statutory maximum for each count.   In essence, Guite is already receiving a downward departure from his guideline range.   Guite wants an even lower sentence, but his conduct certainly does not warrant one, and neither does the case law that he cites in support of one.   In *United States v. Hodnett*, 210 Fed. Appx. 949 (11th Cir. 2006), the defendant's maximum statutory sentence was 30 years, and that is what he received.   In *United States v. Kapordelis*, 569 F.3d 1291 (11th Cir. 2009), the district court actually granted the government's motion for an *upward* departure to arrive at a sentence above the defendant's guideline range.   And finally, *United States v. Irey*, 612 F.3d 1160 (11th Cir. 2010), is noteworthy because the Eleventh Circuit held that because of the defendant's egregious conduct, on remand, the district court *could not* sentence the defendant *below* the statutory maximum of 30 years.   Thus, in each of the cases cited by the defense, the defendant either received the statutory maximum or an upward departure from the guideline range.

As the Eleventh Circuit has noted, "child sex crimes are among the most egregious and despicable of societal and criminal offenses . . . and when child pornography is produced in conjunction with sexual abuse, the harm to the child victim is greater."   *United States v. Cowan*, 2012 U.S. App. LEXIS 23687 (11th Cir. Nov. 19, 2012) (upholding 140-year, statutory maximum sentence for 3 counts of receipt, 2 counts of production, and 2 counts of possession of child

3

pornography); *accord Irey* at 1206, 1208.   *See also United States v. Johnson*, 451 F.3d 1239 (11th Cir. 2006) (upholding 140-year, statutory maximum sentence for 2 counts of production and 1 count of distribution of child pornography).

Based on Guite's conduct involving his two young children; his active participation in the production, distribution, and receipt of child pornography; and the case law exhibiting the appropriateness of statutory maximum sentences in cases like these—where the guideline range is actually higher than the statutory maximum—a sentence of 80 years in this case is both appropriate and necessary to prevent further harm to the defendant's children and to society.   Therefore, the United States requests that the defendant receive the statutory maximum sentence for each of Counts 1, 2, and 5, to run consecutively, for a total sentence of 80 years of imprisonment.

Respectfully submitted,

A. LEE BENTLEY, III
United States Attorney


By:     *s/ Embry J. Kidd*
        Embry J. Kidd
        Assistant United States Attorney
        USA No. 153
        400 W. Washington Street, Suite 3100
        Orlando, Florida 32801
        Telephone:   (407) 648-7500
        Facsimile:    (407) 648-7643
        E-mail:        embry.kidd@usdoj.gov

**U.S. v. DAVID JACOB WILLIAM GUITE      Case No. 6:14-cr-265-Orl-37GJK**

**CERTIFICATE OF SERVICE**

I hereby certify that on May 6, 2015, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to the following:

Angela Parrott, Counsel for Defendant

*s/ Embry J. Kidd*
Embry J. Kidd
Assistant United States Attorney
USA No. 153
400 W. Washington Street, Suite 3100
Orlando, Florida 32801
Telephone:   (407) 648-7500
Facsimile:    (407) 648-7643
E-mail:        embry.kidd@usdoj.gov
